**MOTION TO INTERVENE AS PLAINTIFF**

(Fed. R. Civ. P. 24)

SARAH JULY DONOVAN

 Pro Se Litigant

1250 Cameron Ave #2

Tyrone, PA 16686

 814-895-8587

kitty_meow191@yahoo.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

BRIAN J. DRISCOLL, JR.

Plaintiffs,

v.

KASHYAP P. PATEL

Defendants.

Civil Action No. 1:25-cv-03109

Judge Jia M. Cobb

RECEIVED
Mailroom

OCT 1 4 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

I. INTRODUCTION

This action challenges wrongful actions by Defendant Kashyap P. Patel (FBI Director) and the

Federal Bureau of Investigation (FBI), including retaliation for Proposed Intervenor-Plaintiff, I,

Sarah Donovan's right to exercise the First Amendment to document and publicize alleged
misconduct tied to Jeffrey Epstein's island, and their failure to investigate tips, resulting in due
process violations. My claims arise from FBI inaction and harassment following her 2018–2025
Instagram posts (@kitty_meow12) and public petition, which detailed evidence of sex trafficking
and related misconduct to the Trump Administration and its political agenda. This is mirroring
the pattern of FBI misconduct and retaliation alleged in *Driscoll, Jr. et al. v. Patel et al.* (Case
No. 1:25-cv-03109). Intervention is necessary to protect Movant's distinct interests, as existing
Plaintiffs' employment-based retaliation claims do not encompass her unique harms as a
non-employee whistleblower, including emotional distress and interference with her legal
proceedings (e.g., Humboldt County Case No. 22FL00158), caused by Defendants' failure to act
and retaliatory conduct. Misspelled court documents in Case No. 22FL00158 showing due
process violations"), Court records from Humboldt County Case No. SC2200049 (Suitie
Wheeler case manager of child records under oath stating the records were gone in 2011 for
multiple children, same office my sisters records kept and same time she was interviewed by
Radio Disney), Mendocino County Case No. 22SC00031 and 22SC00032 (small claims against
foster parents), ect. As well as Instagram post screenshots showing your petition and FBI
inaction evidence. Disposition of this action may impair her ability to protect that interest, and
existing Plaintiffs do not adequately represent it. Alternatively, permissive intervention is
warranted under Rule 24(b).


II. Background

I, Sarah Donovan, am seeking to join this case, filed on September 10, 2025, in the U.S. District
Court for the District of Columbia by three former FBI officials—Brian J. Driscoll, Jr. (former

acting FBI Director), Steven J. Jensen, and Spencer L. Evans—who claim they were wrongfully fired by the Trump administration under Defendant Kashyap P. Patel's leadership as FBI Director. Their complaint alleges violations of the First Amendment (retaliation for protected speech and association tied to criminal investigations involving President Trump), Fifth Amendment (due process violations in their removals without cause), Merit System Principles (5 U.S.C. §§ 2301 et seq.), and other federal laws, seeking declaratory relief, injunctions, reinstatement, and mandamus under 28 U.S.C. § 1361. The case, assigned to Judge Jia M. Cobb, is in its early stages, with defendants' answers due by November 10, 2025, and no discovery started.

From 2018–2025, I submitted tips via tips.fbi.gov about alleged sex trafficking and misconduct linked to Jeffrey Epstein's island, which I also documented in my public petition and Instagram posts (@kitty_meow12) on my therapist's advice to cope with trauma and preserve evidence. The FBI's failure to investigate my tips, combined with perceived harassment—like ignored evidence in my child custody case (Humboldt County Case No. 22FL00158, where the father's documented abuse was disregarded), misspelled court documents violating my due process rights, and suppressed evidence in my small claims suits against my foster parents and social workers (Mendocino County Case Nos. 22SC00031 and 22SC00032)—mirrors the retaliatory misconduct alleged by the Driscoll plaintiffs. Without joining this case, I risk inconsistent rulings on FBI misconduct, losing my claims due to legal precedent, or missing shared evidence about the agency's failures.

III. Argument

A. I Am Entitled to Intervention as of Right Under Rule 24(a)(2)

Under Federal Rule of Civil Procedure 24(a)(2), I have a right to intervene if: (1) my motion is timely; (2) I have an interest in the case's subject matter; (3) the case's outcome could harm my ability to protect that interest; and (4) the existing plaintiffs don't fully represent my interests. Courts interpret Rule 24 generously. See WildEarth Guardians v. U.S. Forest Serv., 690 F.3d 1174, 1180 (D.C. Cir. 2012).

1. Timeliness: I am filing this motion about 30 days after the complaint, early in the case before any discovery or major rulings. My intervention won't delay or harm anyone involved. See Jones v. Prince George's Cnty., 348 F.3d 1014, 1017 (D.C. Cir. 2003).

2. Protectable Interest: I have a direct interest in challenging Patel and the FBI's actions under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for violating my First Amendment rights (retaliation for my public posts) and Fifth Amendment rights (due process failures from ignored tips and court interference). These harms, including emotional distress and lost legal rights, stem from the same FBI misconduct under Patel as in this case. See SEC v. Prudential Sec. Inc., 136 F.3d 153, I am requesting a minimum of $10,000.00 in a settlement per leadership.

_____ /s/

Sarah Donovan

Date: 10/10/2025