UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIAN J. DRISCOLL, JR., *et al.*,

    Plaintiffs,

v.

KASHYAP P. PATEL, in his official capacity as Director of the Federal Bureau of Investigation, *et al.*,

    Defendants.

Case No. 25-cv-3109 (JMC)

## ORDER

Sarah July Donovan, proceeding *pro se*, has moved to intervene in this litigation. ECF 8. Donovan has not identified any "federal statute" that provides her with a right to intervene. Fed. R. Civ. P. 24(a), (b). Donovan therefore must demonstrate that she either has an "interest relating to the … transaction that is the subject of the action" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(a)(2), (b)(1)(B). Donovan has not made either of those showings.

Donovan claims that Patel and the FBI retaliated against and harassed her "following her 2018–2025 Instagram posts … and public petition" about "Jeffrey Epstein's island" and "sex trafficking and related misconduct" of "the Trump Administration." ECF 8 at 2. This case, by contrast, is brought by three former FBI employees and centers on their allegation that they were fired because they "fail[ed] to demonstrate sufficient political loyalty" to the new presidential administration. ECF 1 at 2. The interest Donovan asserts therefore does not "relat[e] to" the events that are "the subject of the action." Fed. R. Civ. P. 24(a)(2). Nor has Donovan identified a "common question of law or fact" shared between her allegations and those at issue in this case.

1

Fed. R. Civ. P. 24(b)(1)(B). Donovan effectively acknowledges as much, claiming that she should be entitled to intervene because "Plaintiffs' employment-based retaliation claims do not encompass her unique harms as a non-employee whistleblower." ECF 8 at 2.

Finally, even if there were some marginal legal or factual overlap between Donovan's claims and those at issue in this case, the Court would exercise its discretion to deny permissive intervention. *See* Fed. R. Civ. P. 24(b)(1) ("[T]he court *may* permit anyone to intervene who" satisfies the subsection's requirements." (emphasis added)). "As its name would suggest, permissive intervention is an inherently discretionary enterprise." *Equal Emp. Opportunity Comm'n v. Nat'l Child.'s Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Because Donovan's claims bare no meaningful relationship to the Plaintiffs' claims, the Court is convinced that allowing Donovan to intervene would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Donovan therefore fails to satisfy Rule 24's requirements. Accordingly, it is hereby

**ORDERED** that Donovan's motion to intervene, ECF 8, is **DENIED**.

**SO ORDERED.**

                                                                                   _____
                                                                                   JIA M. COBB
                                                                                   United States District Judge

Date: October 20, 2025