**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIAN J. DRISCOLL, JR., et al.,<br>    *Plaintiffs*,<br><br>    *vs*.<br><br>KASHYAP P. PATEL, et al.,<br>    *Defendants*. | Civil Action No. 25-3109 (JMC)<br><br>March 13, 2026 |

**PLAINTIFFS' PARTIALLY CONSENTED-TO SURREPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS[1]**

Plaintiffs submit this brief Surreply in response to the Defendants' Reply brief filed in support of their Motion to Dismiss on March 6, 2026.  ECF No. 31 ("Reply").  Specifically, Plaintiffs submit this Surreply to address Exhibit A to Defendants' Reply.  Exhibit A is a memorandum dated February 5, 2026, addressed to the Director of the Federal Bureau of Investigation ("FBI") from Attorney General Pamela Bondi, with the subject line: "Removal of Certain Federal Bureau of Investigation Employees" (the "February 5, 2026 Memo" or the "Memo").  It purports to "ratify and affirm" Defendant Patel's August 8, 2025 firing of Plaintiffs. The February 5, 2026 Memo was not referenced in Defendants' moving papers and its existence was first communicated to Plaintiffs by way of an email from government counsel to undersigned counsel on March 6, 2026.

---

[1]   Pursuant to Local Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel who informed Plaintiffs' counsel by e-mail dated March 10, 2026 that "Defendants do not oppose Plaintiffs' request to file a sur-reply addressing the Attorney General's ratification memorandum. But Defendants do oppose any request for a sur-reply on other matters."  To the extent this Surreply addresses any matters besides the ratification memorandum, Plaintiffs understand that Defendants oppose this request.

1

To begin with, the circumstances surrounding the authorship and publication of the February 5, 2026 Memo are unusual, to say the least. The Memo appears to have been authored the day before the government's motion to dismiss was due in an unrelated case and submitted in support of that motion. *See Jane Does 1-9 et al. v. Patel et al.*, 1:25-cv-4258-TNM, at ECF Nos. 14 and 14-2. In the *Jane Does 1-9* public filing, the *Driscoll et al.* plaintiffs' names appear to be redacted. Yet despite having knowledge that the February 5, 2026 Memo existed, and having relied on it in another court case, the government waited until its Reply brief in this case—over a month later, on March 6, 2026—to disclose the Memo's existence to Plaintiffs' counsel and the Court. This was more than two weeks *after* Plaintiffs had fully briefed and filed their opposition papers on February 17, 2026. ECF No. 20.

In addition to the irregular timing of the February 5, 2026 Memo's creation and disclosure, on its face it purports to "ratify and affirm" only the firings of individuals who have filed lawsuits contesting their terminations. *See Jane Does 1-9*, ECF No. 14 at 11, n.7. For the balance of FBI Special Agents fired between August 8, 2025 and February 5, 2026, Defendants apparently accept that these firings either (1) are not ratified or affirmed; or (2) do not require ratification or affirmation. This peculiar instance of retroactive and selective ratification of these two sets of plaintiff groups will undoubtedly be explored in discovery if either case proceeds, and the decision making process behind such retroactive ratification will likely be relevant to Plaintiffs' arguments at an eventual summary judgment proceeding.

Regardless, even if the Court were to look past the suspicious timing and selectivity of the alleged ratification and decide that the "accuracy" of the February 5, 2026 Memo "cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), the content actually *supports* Plaintiffs' claims under a Rule 12 analysis.

*First*, that the Attorney General has "ratif[ied] and affirm[ed]" Defendant Patel's actions means virtually nothing as to the lawfulness of the firings.  Defendant Bondi had the very same obligations as Defendant Patel to provide Plaintiffs with for-cause removal protections under 5 U.S.C. §§ 3151 and 7543.  Through this perfunctory ratification, she chose not to do so.  She is already listed as a Defendant in this case and falls directly within the authority of this Court.  Just as Patel ignored these obligations through his summary firings, so too has Bondi flouted the law with her mid-litigation, retroactive summary ratification.  *United States v. Perkins*, 116 U.S. 483, 485 (1886) ("The head of a department has no constitutional prerogative of appointment to offices independently of the legislation of congress, and by such legislation he must be governed, not only in making appointments, but in all that is incident thereto.").[2]

*Second*, the existence of the February 5, 2026 Memo necessarily means that Defendant Bondi had an option of *not* retroactively ratifying Patel's firings.  This completely undermines Defendants' "central argument" as to Patel's supposed Article II authority: "that the FBI Director, acting under Article II authority, need not seek prior approval before exercising that authority to remove employees like Plaintiffs from their positions."  Reply at 11-12.  In their opening and reply papers, Defendants point to *Printz v. United States*, 521 U.S. 898 (1997) and *Myers v. United States*, 272 U.S. 52 (1926), to argue that the President can rely on officers like the FBI Director to fulfill the Executive's duties under the Take Care Clause.  *See* Defendants' Motion to Dismiss, ECF No. 17 ("Mot.") at 17; Reply at 11, n.2.  Yet *Printz* questioned whether one could have "meaningful Presidential control . . . without the power to appoint and remove."  *Printz*, 521 U.S. at 922.  And when performing Executive duties, *Myers* held that it is the "head of a department"

---

[2] As stated in Plaintiffs' Opposition filing, ECF No. 20, there is no concession that Plaintiffs are "officers" in the constitutional sense.  *Id*. at 42.  But assuming *arguendo* that they are, they would be inferior officers, not principal officers.

which "is and must be the President's alter ego in the matters of that department where the President is required by law to exercise authority."  *Myers*, 272 U.S. at 30.  Here, Patel does not have the power to appoint or remove the FBI's SES, nor is he the head of a department.  Congress acted on its own Article II authority under the Appointments Clause by mandating that the power to appoint and remove FBI SES lies, if anywhere, with the Attorney General.  *See* U.S. Const. art. II, § 2; 5 U.S.C. § 3151(b); and *Perkins*, 116 U.S. at 485 ("We have no doubt that when congress, by law, vests the appointment of inferior officers in the heads of departments, it may limit and restrict the power of removal as it deems best for the public interest.").  For Patel to jump over the head of the Attorney General and claim some separate Article II-based Presidential removal authority defies all of the principles that might underpin a unitary Executive.  That the Attorney General felt she had to retroactively ratify his actions implies that there would be instances where she would *not* ratify his actions.  This clashing of claims to dueling Article II authority is precisely why such authority is nondelegable.  It highlights the illogic of Defendants' notion that such authority could be silently delegated to the FBI Director without the Attorney General's knowledge.  These types of competing claims for removal powers over the same offices would fracture Executive authority.

The *Printz* Court pointed out the conundrum presented by the February 5, 2026 Memo: Executive "unity would be shattered" if uniquely Executive power was suddenly broadly delegated.  *Printz*, 521 U.S. at 923.  This principle is supported by past opinions from the Office of Legal Counsel, which observed that the President's power of removal under the Appointments Clause (the constitutional parallel of the Attorney General's power granted to her by Congress for FBI SES) is nondelegable.  *See* 26 O.L.C. 22 (2002) ("Nor can the President delegate his power to appoint and remove Executive Branch officials."); 5 O.L.C. 91, 94 (listing "[t]he power to remove

4

purely executive presidential appointees" as a "nondelegable function[]" since it is "vested in the President as an incident of his appointment power").  Just as Defendant Bondi cannot appoint other principal officers within the Executive Branch, so too is Defendant Patel prohibited from exercising a removal power that Congress assigned elsewhere.

*Third*, the Memo—which itself does not cite Article II at all—undermines the Defendants' new arguments in their Reply brief that Plaintiffs' firings were "based on performance."  Reply at 22.  Not only does such an assertion effectively retract Defendants' original statement that Plaintiffs served "with distinction," Mot. at 10, but the February 5, 2026 Memo offers no acknowledgement of any performance-based reasons for any termination.  It simply retroactively "ratif[ies] and affirm[s]" Plaintiffs' removals from the FBI and federal service without citing any authority—Article II or otherwise—for summary removal.  As with the timing and selectivity of this attempt at ratification, the apparent reversal and re-reversal of the government's position on the firing would also be the subject of discovery in this case.

Plaintiffs submit that this Court can wholly ignore the February 5, 2026 Memo, authored mid-litigation and submitted as extrinsic evidence outside of discovery procedures in support of a Reply brief.  But even if it opts to judicially notice the extraneous information under a Rule 12(b)(6) analysis, every inference drawn from the document weighs in favor of Plaintiffs' arguments that their firings were legally null, committed through *ultra vires* action, and in violation of their First and Fifth Amendment rights.

5

Respectfully submitted,

/s/ Margaret M. Donovan
Margaret M. Donovan (DDC No. CT0026)
Christopher M. Mattei (*pro hac vice*)
Koskoff Koskoff & Bieder, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com
cmattei@koskoff.com
*Attorneys for Plaintiffs Brian J. Driscoll, Jr. and Steven J. Jensen*

/s/ Abbe David Lowell
Abbe David Lowell (DDC No. 358651)
David A. Kolansky (DDC No. 7680722)
Lowell & Associates, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
*Attorneys for Plaintiffs Brian J. Driscoll, Jr. and Steven J. Jensen*

/s/ Mark S. Zaid
Mark S. Zaid (DDC No. 440532)
Bradley P. Moss (DDC No. 97905)
Law Offices of Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W., Suite 700
Washington, DC 20036
T: (202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com
*Attorneys for Plaintiff Spencer L. Evans*

/s/ Heidi R. Burakiewicz
Heidi R. Burakiewicz (DDC No. 473973)
Burakiewicz & DePriest, PLLC
1015 15th Street, N.W., Suite 600
Washington, D.C. 20005
202-856-7500
hburakiewicz@bdlawdc.com
*Attorney for Plaintiff Spencer L. Evans*

6